IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In re: Condemnation of One Parcel   :
of Land with Improvements Erected   :
Thereon Owned by AFP Realty, LLC   :
Containing Approximately 1.166 AC.   :
Located at 457 Lenni Road   :
Middletown Township, Delaware   :
County, PA Tax Folio   :
No. 27-00-01179-00   :
                                            :   No. 964 C.D. 2024
Appeal of: AFP Realty, LLC   :   Submitted: October 7, 2025


BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
                  HONORABLE ANNE E. COVEY, Judge
                  HONORABLE MATTHEW S. WOLF, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                                        FILED: October 31, 2025


      AFP Realty, LLC (Appellant) appeals from the Delaware County Common Pleas Court's (trial court) order dated June 27, 2024 (docketed July 5, 2024) overruling its preliminary objections (Preliminary Objections) to Middletown Township's (Township/Appellee) condemnation of 457 Lenni Road in the Township (Property). Essentially, Appellant presents one issue for this Court's review: whether the trial court erred as a matter of law and abused its discretion by overruling Appellant's Preliminary Objections where Appellee failed to satisfy the requirements of Section 306(a)(3)(i)-(iv) of the Eminent Domain Code.[1] After review, this Court affirms.

      On May 30, 2023, Appellee filed a Declaration of Taking (Declaration) for the Property. The Declaration declared that the public purpose for which the

---

[1] 26 Pa.C.S. § 306(a)(3)(i)-(iv).

Property was being taken was to extend the Chester Creek Rail Trail and provide public parking and a rest area for the benefit and convenience of Township residents and the general public using that walking trail. Appellant filed the Preliminary Objections on July 14, 2023. Therein, Appellant averred that it uses the Property for commercial purposes and operates businesses that utilize the land and building thereon. Appellant asserted that it had no idea what the Township planned to do with the Property and contended that the condemnation of the Property for parking and a rest area implies that the land will be used for open space, a condemnation purpose not authorized by the legislature. Appellant also claimed that a hearing and discovery on the purpose of the taking was warranted before the Township could take the Property.

By October 12, 2023 order, the trial court directed the parties to conduct discovery and supplement the record on issues related to the public purpose of the condemnation. The trial court further directed the parties to file supplemental briefs addressing that issue after such discovery was completed, which they did. On June 27, 2024, the trial court overruled Appellant's Preliminary Objections. Appellant appealed to this Court.[2]

On August 22, 2024, the trial court ordered Appellant to file a Concise Statement of Errors Complained of on Appeal pursuant to Pennsylvania Rule of Appellate Procedure (Rule) 1925(b) (Rule 1925(b) Statement). Therein, the trial court directed: "Any issues not properly included in the [Rule 1925(b) Statement] . . . shall be waived." Supplemental Reproduced Record (S.R.R.) at 88b.

---

[2] This Court's review "of a decision to condemn property and of the extent of the taking is to determine whether the trial court's decision evidences an abuse of discretion or an error of law." *In re Redevelopment Auth. of the City of Erie*, 285 A.3d 986, 990 n.2 (Pa. Cmwlth. 2022).

On September 11, 2024, Appellant filed its Rule 1925(b) Statement. On September 17, 2024, the trial court filed its opinion pursuant to Rule 1925(a).

Preliminarily, Appellee argues that there are no issues properly preserved for review before this Court. Specifically, Appellee contends that because Appellant did not raise the issues it argues before this Court in its Rule 1925(b) Statement, they are waived.[3]

Rule 1925(b)(4)(vii) expressly provides: "Issues not included in the [Rule 1925(b)] Statement . . . are waived." Pa.R.A.P. 1925(b)(4)(vii). In *Commonwealth v. Castillo*, 888 A.2d 775 (Pa. 2005), the Pennsylvania Supreme Court reaffirmed the bright-line rule first set forth in *Commonwealth v. Lord*, 719 A.2d 306 (Pa. 1998), that "in order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a [Rule 1925(b)] Statement . . . . Any issues not raised in a [Rule] 1925(b) [S]tatement will be deemed waived." *Castillo*, 888 A.2d at 780 (quoting *Lord*, 719 A.2d at 309).

In its Rule 1925(b) Statement, Appellant raised two issues: (1) "**the Township did not provide an accurate description of the condemnation** as required by [t]he Eminent Domain Code[,]" S.R.R. at 91b; and (2) "the [trial court] erred in overruling Appellant's Preliminary Objections stating **a hearing and discovery was required**." S.R.R. at 93b (original emphasis omitted, bold emphasis added). The trial court addressed those issues, explaining:

> [Appellant's] Preliminary Objections contend that because part of the acquisition was being funded by the Delaware County Open Space Grant Program and because [the] Township at one time only requested an easement over the [P]roperty, [Appellant] is unable to determine what the Township plans to do with the [] [P]roperty. Further[,] [Appellant] averred that the facts and circumstances surrounding the purpose of the taking are

---

[3] Appellant did not file a reply brief addressing the waiver issue.

3

> underdeveloped and that the plan of the [P]roperty attached to the Declaration . . . is not sufficient under the Eminent Domain Code.
>
> The additional discovery conducted by the parties along with the supplemental briefs confirms that the July 14, 2023 Preliminary Objections were appropriately overruled. The [] [P]roperty is recreational only and not designated for open space. The additional discovery confirms the public purpose remains "to extend the Chester Creek Rail Trail Extension and provide public parking and a rest area for the benefit and convenience of Township [r]esidents and the public using that trail." This description of the public purpose of the taking complies with the [E]minent [D]omain [C]ode.

Trial Ct. Op. at 8-9.

However, in its Statement of Questions Involved, Appellant presented three issues: (1) "[w]hether the trial court erred as a matter of law and abused its discretion by denying Appellant's Preliminary Objections where *Appellee failed to meet the requirements of* [*Section 306(a)(3)(ii)* of the Eminent Domain Code;]"[4] (2) [w]hether the trial court erred as a matter of law and abused its discretion by denying Appellant's Preliminary Objections where *Appellee failed to meet the requirements of* [*Section 306(a)(3)(iii-iv)* of the Eminent Domain Code;]"[5] and (3) "[w]hether the trial court erred as a matter of law and abused its discretion by denying Appellant's Preliminary Objections where *Appellee failed to meet the requirements of* [*Section 306(a)(3)(i)* of the Eminent Domain Code]."[6] Appellant Br. at 8 (emphasis added).

---

[4] Appellant cites "26 P.S. § 306(ii)[, Appellant Br. at 8;]" however, it is clear from its argument that it should have cited 26 Pa.C.S. § 306(a)(3)(ii). *See* Appellant Br. at 22, 24. Accordingly, this Court references Section 306(a)(3)(ii) of the Eminent Domain Code.

[5] Appellant cites "26 P.S. § 306(iii-iv)[, Appellant Br. at 8;]" however, it is clear from its argument that it should have cited 26 Pa.C.S. § 306(a)(3)(iii-iv). *See* Appellant Br. at 22, 30. Accordingly, this Court references Section 306(a)(3)(iii-iv) of the Eminent Domain Code.

[6] Appellant cites "26 P.S. § 306(i)[, Appellant Br. at 8;]" however, it is clear from its argument that it should have cited 26 Pa.C.S. § 306(a)(3)(i). *See* Appellant Br. at 22. Accordingly, this Court references Section 306(a)(3)(i) of the Eminent Domain Code.

Significantly, Section 306 of the Eminent Domain Code is entitled *Preliminary Objections* and provides that the condemnee may file preliminary objections as the exclusive method to challenge the right of the condemnor to appropriate the condemned property, to challenge the sufficiency of the security, and to challenge the declaration of taking and any other procedure the condemnor followed. Section 306 of the Eminent Domain Code discusses what a condemnee may raise in a preliminary objection, it does not impose any obligation upon the condemnor. Appellant's contention that Appellee, condemnor herein, failed to meet the requirements of Section 306 of the Eminent Domain Code is incongruous with the purpose and intent of Section 306 of the Eminent Domain Code because condemnor Appellee had no requirements to satisfy thereunder. In addition, Appellant raised no such argument in its Rule 1925(b) Statement.

A review of the issues Appellant argued in its Rule 1925(b) Statement[7] and the issues Appellant argued in its brief filed in this Court makes clear that the issues raised in its brief are not included in, nor subsidiary to, the issues raised in its Rule 1925(b) Statement. Specifically, in its Rule 1925(b) Statement, Appellant argues that Appellee did not provide an accurate description of the condemnation in its Declaration, and a hearing and discovery were required to determine the sufficiency of the taking. In its brief, Appellant argues, *inter alia*, that Appellee failed to provide sufficient funds for the relocation of Appellant's business, Appellee failed to provide sufficient funds for the relocation of Appellant's tenant, Appellee failed to prove the additional parking on the Property was necessary to promote the public purpose of the project, and Appellee failed to provide Appellant or the trial court with proof of the permits required to build on land which contains both wetlands and endangered species.

---

[7] Appellant's Rule 1925(b) Statement is six pages long and reads more like a brief than a Rule 1925(b) Statement.

Moreover, in the "Conclusion" in its Rule 1925(b) Statement, Appellant provided:

> **The facts and circumstances surrounding the purpose of the taking are underdeveloped.** The [D]eclaration . . . has not been specifically described and **Appellant's hearing that was requested was never provided**. Therefore, Appellants have [sic] brought this appeal in its efforts to reverse the [o]rder issued by [the trial court] on or around June 27, 2024.

S.R.R. at 95b (emphasis added). Yet, in the "Conclusion" in its brief, Appellant stated:

> For the reasons set forth above, the June 27, 2024 [o]rder should be overturned as: (1) **Appellees** [sic] **do not have sufficient funding to justly compensate Appellant for the taking**; (2) **Appellees** [sic] **have failed to prove necessity for the entire taking of the [P]roperty for the benefit of it[]s public purpose**; and (3) **Appellee's taking** of Appellant's property **fails to comply with the Eminent Domain [Code]**. In turn, Appellant asks this Honorable Court to overturn the June 27, 2024 [o]rder.

Appellant Br. at 42 (emphasis added). Because the issues Appellant raised and/or argued in its brief were not included in its Rule 1925(b) Statement, they are "deemed waived." *Castillo*, 888 A.2d at 780 (quoting *Lord*, 719 A.2d at 309). Accordingly, there is nothing for this Court to review on appeal.

For all of the above reasons, the trial court's order is affirmed.

_____
ANNE E. COVEY, Judge

Judge Fizzano Cannon did not participate in the decision in this matter.

6

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In re: Condemnation of One Parcel          :
of Land with Improvements Erected          :
Thereon Owned by AFP Realty, LLC           :
Containing Approximately 1.166 AC.         :
Located at 457 Lenni Road                  :
Middletown Township, Delaware              :
County, PA Tax Folio                       :
No. 27-00-01179-00                         :
                                           :      No. 964 C.D. 2024
                                           :
Appeal of: AFP Realty, LLC                 :

## O R D E R

AND NOW, this 31st day of October, 2025, the Delaware County Common Pleas Court's order dated June 27, 2024 (docketed July 5, 2024) is affirmed.

_____
ANNE E. COVEY, Judge